IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK G. BRALLEY,

    Plaintiff,

v.                                             No. 13-cv-768 JB/RHS

ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION et al,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss for Lack of Service (Doc. 9) filed January 3, 2014, and Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Properly Serve Defendants Under Rule 4(M) of the Federal Rules of Civil Procedure (Doc. 13) filed January 10, 2014.  This case was referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and (b)(3) (Doc. 16).  The undersigned makes the following findings:

    1. Plaintiff filed his Complaint in the above-captioned cause on August 19, 2013 against the Albuquerque Public Schools Board of Education (hereinafter referred to as "APS") and numerous individual Defendants (Doc. 1).

    2. Plaintiff claims that he effectuated service of process upon all named Defendants on or about December 16, 2013 by hand-delivering a copy of the Complaint to Mr. Mike Wilson (Director of Risk Management at APS).

    3. Defendants argue that the service of process was ineffective because access to Mr. Wilson's office was obtained by false pretenses in that the individual delivering the court

documents did not tell Mr. Wilson that he was a process server but stated that he was delivering paperwork from Mr. Art Melendres, Esq., counsel for APS.

4. In addition, Movants state that Mr. Wilson was not authorized to accept service on behalf of the APS Board, APS, or any of the individually named Defendants.

5. On January 3, 2014, Defendants Albuquerque Public Schools Board of Education, Robert Lucero, David Robbins, Paula Maes, Katherine Korte, Albuquerque Public Schools, Winston Brooks, Bradley Winter, Monica Armenta, Rigo Chavez, John Miller, Steve Tellez, Steve Gallegos, and Albuquerque Public Schools Police Department filed their Motion to Dismiss for Lack of Service (Doc. 9) and on January 10, 2014, Defendant Martin Esquibel filed his Motion to Dismiss Plaintiff's Complaint for Failure to Properly Serve Defendants under Rule 4(M) of the Federal Rules of Civil Procedure (Doc. 13).

6. The matter of these two motions was referred to the undersigned with directions to conduct hearings, if warranted, including evidentiary hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition (Doc. 16).

7. The undersigned concludes after a thorough consideration of the submittals of the parties that hearings, evidentiary or otherwise, are not required.

8. Although Plaintiff provides a long narrative as to the various events he claims supports effective service of process over any of the name Defendants, it is clear that he has not done so in a manner that comports with Fed. R. Civ. P. 4.  The time to serve the Complaint has expired under Fed. R. Civ. P 4(m).  The Court may now dismiss the action without prejudice or order that service be made within a specified time. The undersigned concludes that dismissal would be contrary to the interests of judicial economy as the Complaint would most likely be refiled.

Therefore, the undersigned recommends that the Court order service of process to be accomplished as follows:

A. Counsel for the respective parties shall have until May 30, 2014, to accept service on behalf of their respective clients.

B. If counsel for the named Defendants decline to accept service, Plaintiff shall serve the individual Defendants in accordance with Fed. R. Civ. P. 4(e) and this service shall be completed on or before June 30, 2014, unless extended by the Court.

C. If counsel for the Albuquerque Public Schools Board of Education elects not to accept service on behalf APS, he shall then advise Plaintiff in writing as to the proper designated person to be served pursuant to Fed. R. Civ. P. 4(h) and Plaintiff shall accomplish such service also on or before June 30, 2014, unless extended by the Court.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the District Court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE