### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**MARK G. BRALLEY,**

   Plaintiff,

v.                                                                                   No. 13-cv-0768 JB/SMV

**ALBUQUERQUE PUBLIC SCHOOLS BD. OF EDUC.,
ROBERT LUCERO, DAVID ROBBINS,
PAULA MAES, MARTIN ESQUIVEL,
KATHERINE KORTE, ALBUQUERQUE PUBLIC
SCHOOLS, WINSTON BROOKS, BRADLEY WINTER,
MONICA ARMENTA, RIGO CHAVEZ,
JOHN MILLER, STEVE TELLEZ, STEVE GALLEGOS,
and ALBUQUERQUE PUBLIC SCHOOLS POLICE DEP'T,**

   Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendants' 12(b)(6) Motion to Dismiss No. II: Dismissal of Count Nine of Plaintiff's Complaint Alleging Violation of Sixth Amendment Right to a Fair Trial [Doc. 33] ("Motion"), filed on July 7, 2014. Plaintiff filed his response [Doc. 48] on September 10, 2014. Defendants filed their reply on September 24, 2014. [Doc. 59]. Plaintiff filed a surreply on December 29, 2014. [Doc. 67]. Oral argument was heard on December 11, 2014, before the Honorable Robert Hayes Scott, United States Magistrate Judge. [Doc. 66]. However, on January 6, 2015, Judge Scott recused himself [Doc. 69], and the case was assigned to me as the referral judge, [Doc. 73]. On January 28, 2014, the Honorable James O. Browning, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. [Doc. 74]. Having considered the briefing, the audio

recording of the oral argument,[1] and relevant law, and being fully advised in the premises, I find that Defendants' Motion is well-taken and recommend that it be **GRANTED**. Accordingly, I recommend that Plaintiff's Count IX—for violation of the Sixth Amendment right to a fair trial—be **DISMISSED with prejudice**.

In the Complaint, Plaintiff alleges that he was barred or ejected from certain public meetings by various Defendants, and he alleges that by a letter dated October 10, 2012, certain Defendants barred him indefinitely from attending any meeting on the property of Albuquerque Public Schools. *See* [Doc. 1]. In Count IX of the Complaint, Plaintiff asserts that under the Sixth Amendment, he was entitled to have a district attorney review Defendants' reasons for barring or ejecting him and, if valid, to have a jury trial on those allegations. *Id.* at 70–71. Defendants move to dismiss Count IX because the Sixth Amendment applies exclusively to criminal matters and no allegation in the Complaint relates to any criminal proceeding. [Doc. 33] at 2. I agree with Defendants.

The Sixth Amendment applies exclusively to criminal prosecutions. U.S. Const. amend VI. It does not apply to civil cases. *Turner v. Rogers*, 131 S. Ct. 2507, 2516 (2011). Plaintiff's Complaint makes no allegation of any criminal prosecution. *See* [Doc. 1]. Accordingly, the Sixth Amendment simply does not apply to this case. Plaintiff offers several convoluted arguments as to why he believes the Sixth Amendment does apply, but they are entirely unpersuasive. Therefore, I recommend that the Motion be granted and that Count IX be dismissed with prejudice.

---

[1] The audio recording of the hearing was of poor quality and could not entirely be understood.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' 12(b)(6) Motion to Dismiss No. II . . . [Doc. 33] be **GRANTED**, and that Plaintiff's Count IX—for violation of the Sixth Amendment right to a fair trial—be **DISMISSED with prejudice**.[2]

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] I find that granting Plaintiff leave to amend his Complaint would be futile because there has been no indication whatsoever that criminal proceedings are at issue in this case.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.").