IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK G. BRALLEY,

    Plaintiff,

v.                                                                      No. 13-cv-0768 JB/SMV

ALBUQUERQUE PUBLIC SCHOOLS BD. OF EDUC.,
ROBERT LUCERO, DAVID ROBBINS,
PAULA MAES, MARTIN ESQUIVEL,
KATHERINE KORTE, ALBUQUERQUE PUBLIC
SCHOOLS, WINSTON BROOKS, BRADLEY WINTER,
MONICA ARMENTA, RIGO CHAVEZ,
JOHN MILLER, STEVE TELLEZ, STEVE GALLEGOS,
and ALBUQUERQUE PUBLIC SCHOOLS POLICE DEP'T,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendants' 12(b)(6) Motion to Dismiss No. III: Dismissal of Count Seven of Plaintiff's Complaint Alleging Unreasonable Seizure [of his Person] [Doc. 34] ("Motion"), filed on July 7, 2014. Plaintiff filed his response [Doc. 49] on September 10, 2014. Defendants filed their reply on September 24, 2014. [Doc. 61]. Plaintiff filed a surreply on December 29, 2014. [Doc. 67]. Oral argument was heard on December 11, 2014, before the Honorable Robert Hayes Scott, United States Magistrate Judge. [Doc. 66]. However, on January 6, 2015, Judge Scott recused himself [Doc. 69], and the case was assigned to me as the referral judge, [Doc. 73]. On January 28, 2014, the Honorable James O. Browning, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. [Doc. 74]. Having considered the briefing, the audio recording of the oral

argument,[1] and relevant law, and being fully advised in the premises, I find that Defendants' Motion is well-taken and recommend that it be **GRANTED**. Accordingly, I recommend that Plaintiff's Count VII—for violation of Plaintiff's Fourth Amendment Right Against Unreasonable Seizure on August 25, 2010, and October 8, 2012—be **DISMISSED with prejudice**.

## Background

In the Complaint, Plaintiff alleges that, at the behest of Defendants Lucero, Robbins, Esquivel, and Winter, he was "ejected . . . under force of arms by [Albuquerque Public Schools ("APS")] police officers" from an Audit Committee meeting on August 25, 2010. [Doc. 1] at 20–21. Specifically, Defendant Robbins asked and directed Plaintiff to leave several times. *Id.* 7–9. Defendant Esquivel directed Plaintiff to leave. *Id.* at 10. Finally, Plaintiff alleges that "Defendant Winter instructed APS Police Officers[] Sgt. Kim Murray and Officer Paul Cadena to escort [Plaintiff and his associate] from the building[. P]laintiff acquiesced by leaving[,] and [his associate] followed." *Id.* Plaintiff also alleges that on October 8, 2012, Defendant Korte "physically applied force to [P]laintiff's camera lens and through it, to [Plaintiff]'s body, in an attempt to prevent her picture [from] being taken." *Id.* at 23. Plaintiff implies that Defendant Korte was responding to Plaintiff's questioning her authority in "barring [Plaintiff's associate] from attending [an APS forum on October 2, 2012]."[2] *Id.* at 23–24.

---

[1] The audio recording of the hearing was of poor quality and could not entirely be understood.

[2] Plaintiff also alleges that he was denied admittance to a School Board meeting by Defendant Gallegos (Deputy Chief of Police) on September 1, 2012. *Id.* at 21–22. Finally, he alleges an encounter on September 23, 2010, with Defendant Gallegos, two other APS police officers, and Plaintiff's associate at the Alice and Bruce King Educational Complex. *Id.* at 23. He alleges that the officers asked his associate whether the associate had been banned from APS property. *Id.* Ultimately, the officers departed after Plaintiff vouched that his associate had only

Plaintiff asserts in Count VII of the Complaint that these circumstances constitute unreasonable seizures of his person in violation of Fourth Amendment. *Id.* at 24, 69. Defendants disagree that these circumstances—even if true—constitute seizures under the Fourth Amendment, much less unreasonable seizures. [Doc. 34]. Defendants also argue that even if these circumstances could constitute unreasonable seizures under the Fourth Amendment, the law was not clearly established at the time, and therefore Defendants are entitled to qualified immunity.[3] Accordingly, they move to dismiss Count VII. [Doc. 34]. I agree with Defendants; they are entitled to qualified immunity.

Defendants argue that the facts alleged in the Complaint establish that Plaintiff was free to leave at all times. [Doc. 34] at 9 (citing *United States v. Mendenhall*, 446 U.S. at 544 (1980)). Accordingly, Defendants argue that the Complaint fails to allege facts that would amount to an unreasonable seizure under the Fourth Amendment. *Id.* at 8–9. Plaintiff responds that, "[T]he question is not[] whether a reasonable person would have believed that he was free to leave, but whether he was free to stay . . . ." Reply [Doc. 49] at 24. However, Plaintiff cites no authority to support this legal theory. To be sure, he cites numerous authorities addressing seizures under the Fourth Amendment, but none goes as far as he suggests. None finds an unreasonable seizure

---

been banned from School Board meetings. *Id.* Defendants' briefing does not address these allegations, [Docs. 34, 61], and therefore, I do not address them either.

[3] Defendants lastly argue that Count VII should be dismissed as to certain Defendants because the Complaint does not allege their personal participation in the alleged constitutional violations. [Doc. 34] at 9–13. Specifically, Defendants argue that Count VII arising from the events of August 25, 2010, should be dismissed as to Defendants Maes, Korte, Brooks, Armenta, Chavez, Miller, Tellez, and Gallegos. *Id.* at 10. As to Count VII arising from the events of October 8, 2012, they argue that all Defendants except Defendant Korte should be dismissed. *Id.* Because I find that Defendants are entitled to qualified immunity, I do not address the lack-of-personal-participation argument.

where an individual is not free to *remain* at a public meeting.  See [Docs. 49, 67].  Moreover, I can find no authority for such theory.

## Standard for Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663.  The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level."  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted).  "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of

mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678.

At this stage of litigation the Court presumes that all Plaintiff's factual allegations—but not legal conclusions—are true. *See Iqbal*, 556 U.S. at 884. Plaintiff need not produce any evidence at this stage. Accordingly, I recommend denying his request for discovery. *See* [Doc. 49] at 28.

### Standard for Qualified Immunity

"Qualified immunity shields public officials 'from undue interference with their duties and from potentially disabling threats of liability.'" *Wilkins v. DeReyes*, 528 F.3d 790 (10th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once the defendant has raised the qualified immunity defense, the burden is on the plaintiff to show that right was clearly established. *Hilliard v. City & Cnty. of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991). To resolve a motion to dismiss based on qualified immunity, the court must determine whether the

facts alleged by the plaintiff assert a violation of a constitutional right and whether the right at issue was clearly established at the time of the incident. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). A right is considered clearly established when there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts . . . ha[s] found the law to be as the plaintiff maintains." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012).

Whether a constitutional right was clearly established must be considered in light of the specifics of the case, not as a broad general proposition. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, the Tenth Circuit rejects a blind application of qualified immunity in the face of obvious constitutional violations. When the constitutional violation at issue requires "a fact-specific inquiry . . . 'there will almost never be a previously published opinion involving exactly the same circumstances.'" *Morris*, 672 F.3d at 1196 (quoting *Casey v. City of Federal Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007)). In order to address this reality, the Tenth Circuit employs a "sliding scale." *Id*. "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Id*. (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004)).

### Unreasonable Seizures Under the Fourth Amendment

"[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall,* 446 U.S. at 554. In situations where the individual could not or would not wish to leave, even absent the police presence, "the

appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick,* 501 U.S. 429, 436 (1991). Circumstances that indicate a seizure include, "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall,* 446 U.S. at 554; *United States v. Maez,* 872 F.2d 1444, 1450 (10th Cir. 1989).  Even where a seizure has taken place, a plaintiff must go further to state a claim under the Fourth Amendment.  He must show both that a "seizure" occurred and that the seizure was "unreasonable."  *Childress v. City of Arapaho*, 210 F.3d 1154, 1156 (10th Cir. 2000).

It appears that in the in the Tenth Circuit, a Fourth Amendment seizure *may* lie where an individual is denied the right to remain—which is the issue at bar—in *his own home*.  *See Storey v. Taylor*, 696 F.3d 987, 993 (10th Cir. 2012) (finding a seizure under the Fourth Amendment where individual was ordered by police to leave his *own home*); *Lundstrom v. Romero*, 616 F.3d 1108, 1123–24 (10th Cir. 2010) (same).  However, not every order to leave one's home constitutes a Fourth Amendment seizure.  *See Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003) (no seizure where a social worker, accompanied by law enforcement, ordered the adult plaintiffs out of their home in the course of removing a child from the home).

As is relevant to the instant motion, I have found no authority supporting Plaintiff's theory that an individual may be seized for Fourth Amendment purposes where he does not feel free to remain in a public place.  Plaintiff has cited no authority, much less binding authority, for his apparently novel legal theory, either.  Therefore, I find that Defendants are entitled to

qualified immunity from Count VII, alleging violations of Plaintiff's Fourth Amendment Right Against Unreasonable Seizure on August 25, 2010, and October 8, 2012.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' 12(b)(6) Motion to Dismiss No. III:  Dismissal of Count Seven of Plaintiff's Complaint Alleging Unreasonable Seizure [of his Person] [Doc. 34] be **GRANTED**, and that Plaintiff's Count VII—for violations of Plaintiff's Fourth Amendment Right Against Unreasonable Seizure on August 25, 2010, and October 8, 2012—be **DISMISSED with prejudice**.[4]

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[4] I find that granting Plaintiff leave to amend his Complaint would be futile because there has been no indication whatsoever that he did not feel free to leave the public meetings or that he did not feel free to remain in his own home.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.").