## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARK G. BRALLEY,**

      **Plaintiff,**

v.                                                                    **No. 13-cv-0768 JB/SMV**

**ALBUQUERQUE PUBLIC SCHOOLS BD. OF EDUC.,**
**ROBERT LUCERO, DAVID ROBBINS,**
**PAULA MAES, MARTIN ESQUIVEL,**
**KATHERINE KORTE, ALBUQUERQUE PUBLIC**
**SCHOOLS, WINSTON BROOKS, BRADLEY WINTER,**
**MONICA ARMENTA, RIGO CHAVEZ,**
**JOHN MILLER, STEVE TELLEZ, STEVE GALLEGOS,**
**and ALBUQUERQUE PUBLIC SCHOOLS POLICE DEP'T,**

      **Defendants.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendants' 12(b)(6) Motion to Dismiss No. I: Dismissal of Count One of Plaintiff's Complaint Alleging Violation of First Amendment Rights and Imposition of Prior Restraint [Doc. 32] ("Motion"), filed on July 7, 2014. Plaintiff filed his response [Doc. 47] on September 10, 2014. Defendants filed their reply on September 24, 2014. [Doc. 57]. Plaintiff filed a surreply on December 29, 2014. [Doc. 67]. Oral argument was heard on December 11, 2014, before the Honorable Robert Hayes Scott, United States Magistrate Judge. [Doc. 66]. However, on January 6, 2015, Judge Scott recused himself [Doc. 69], and the case was assigned to me as the referral judge, [Doc. 73]. On January 28, 2015, the Honorable James O. Browning, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. [Doc. 74]. Having considered the briefing, the audio

recording of the oral argument,[1] and relevant law, and being fully advised in the premises, I find

that Defendants' Motion is well-taken and recommend that it be **GRANTED**.  Accordingly, I

recommend that Plaintiff's Count I—for unlawful prior restraint arising from the events on

August 19, 2010—be **DISMISSED**.

<u>**Background**</u>

As is relevant to this Motion to Dismiss, Plaintiff's Complaint alleges that Defendants

hosted a gubernatorial debate at Eldorado High School in Albuquerque on August 19, 2010.

[Doc. 1] at 3–7.  Plaintiff argues that Defendants "refus[ed] to provide a venue large enough to

accommodate 'all persons desiring to attend'" and barred Plaintiff (and others) from attending

the debate in person.  *Id.* at 63 (apparently quoting the New Mexico Open Meetings Act).

Plaintiff further argues that Defendants imposed arbitrary and capricious credentialing

requirements for members of the press and that those requirements discriminated against less

traditional news media such as weblogs.  *Id.* at 4.  Plaintiff, who maintains a weblog, along with

others from weblog and/or online media sources were denied press passes to the event.  *See id.*

at 4, 53.  Plaintiff argues that Defendants' actions prevented him from "being able to engage in

the activities as a citizen and photojournalist," in violation of the First Amendment.  *Id.* at 7; *see*

*id.* at 53.  Presumably, the "activities" that Plaintiff refers to are attending the debate in person

and taking photographs.  Thus, Plaintiff argues in Count I of the Complaint that Defendants'

actions amount to an unconstitutional prior restraint on his First Amendment activities.  *Id.* at 63.

It appears that Plaintiff's position is that Defendants imposed an unconstitutional prior

restraint on Plaintiff's First Amendment right to assembly when they failed to provide a venue

---

[1] The audio recording of the hearing was of poor quality and could not entirely be understood.

for the August 19, 2010 gubernatorial debate that was large enough to accommodate everyone who wanted to attend.  It appears further that Plaintiff believes that Defendants denied him a press pass to the debate because he works for non-traditional media sources.  Plaintiff argues that such reason is impermissible.  Therefore, the denial of his press pass constitutes an unlawful prior restraint on his First Amendment right to gather news as a member of the press.[2]  [Doc. 47].

Defendants move to dismiss Count I on three grounds.  [Doc. 32].  First, they argue that the Complaint fails to state a claim for unconstitutional prior restraint.  *Id.* at 7–12.  Second, Defendants argue that even if a claim for unconstitutional prior restraint were stated, Count I should still be dismissed entirely.  Defendants reason that if a claim were stated, the law was not clearly established at the time.  Thus, Defendants are entitled to qualified immunity from suit. *Id.* at 13–14.  Third, they argue that even if a claim for unconstitutional prior restraint were stated, Plaintiff still fails to allege the requisite personal participation of many Defendants.  *Id.* at 12–13.  Thus, Count I should be dismissed as to those Defendants.  I agree that Defendants are entitled to qualified immunity as to Count I for impermissible prior restraint.  Therefore, I decline to address Defendants' alternative arguments.

## Standard for Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts

---

[2] Plaintiff's response and surreply attempt to develop theories of liability that are not included in even a liberal construction of Count I of the Complaint.  The instant motion applies only to Count I.  Therefore, I do not address those other theories of liability.

that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663. The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678.

At this stage of litigation the Court presumes that all Plaintiff's factual allegations—but not legal conclusions—are true. *See Iqbal*, 556 U.S. at 884. Plaintiff need not produce any evidence at this stage. Accordingly, I recommend denying his request for discovery. *See* [Doc. 49] at 28.

<u>**Standard for Qualified Immunity**</u>

"Qualified immunity shields public officials 'from undue interference with their duties and from potentially disabling threats of liability.'" *Wilkins v. DeReyes*, 528 F.3d 790 (10th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once the defendant has raised the qualified immunity defense, the burden is on the plaintiff to show that right was clearly established. *Hilliard v. City & Cnty. of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991). To resolve a motion to dismiss based on qualified immunity, the court must determine whether the facts alleged by the plaintiff assert a violation of a constitutional right and whether the right at issue was clearly established at the time of the incident. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). A right is considered clearly established when there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts . . . ha[s] found the law to be as the plaintiff maintains." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012).

Whether a constitutional right was clearly established must be considered in light of the specifics of the case, not as a broad general proposition. *Saucier v. Katz*, 533 U.S. 194, 201

(2001).  However, the Tenth Circuit rejects a blind application of qualified immunity in the face of obvious constitutional violations.   When the constitutional violation at issue requires "a fact-specific inquiry . . . 'there will almost never be a previously published opinion involving exactly the same circumstances.'"  *Morris*, 672 F.3d at 1196 (quoting *Casey v. City of Federal Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007)).   In order to address this reality, the Tenth Circuit employs a "sliding scale."  *Id.*  "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation."  *Id.* (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004)).

### Unconstitutional Prior Restraints

"Generally, a 'prior restraint' restricts *speech* in advance on the basis of content and carries a presumption of unconstitutionality."  *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 41 (10th Cir. 2013) (emphasis added).

> Prior restraints generally take one of two classic forms: judicial injunctions and administrative licensing schemes.  A judicial injunction is usually a court order forbidding specific speakers from specific expression.  A well-known example comes from *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 561 (1976), where the Supreme Court held unconstitutional a state court injunction preventing the media from publishing certain information about a preliminary hearing in an ongoing murder prosecution.  In contrast, an administrative licensing scheme does not usually target a particular speaker or instance of speech.  Rather, it requires a speaker to obtain approval before engaging in certain forms of speech in a given forum, sometimes based on the volume or scale of the intended speech.  A typical example comes from *Forsyth Cnty. v. Nationalist Movement*, 505 U.S. 123 (1992), in which a local ordinance required citizens to obtain a permit before holding a parade or assembly on public property.

*Id.* at 41–42 (internal citations omitted).

Although much less commonly found in the case law, an impermissible prior restraint can also be found where *news gathering* (as opposed to speech) is unreasonably restricted in advance.  News gathering is an activity protected by the First Amendment.  *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972).  Nevertheless, the First Amendment does not invalidate every burdening of the press, *id.* at 682, or provide an unrestrained right to gather information, *Zemel v. Rusk*, 381 U.S. 1, 17 (1965).  For example, in *Journal Publishing Co. v. Mechem*, 801 F.2d 1233 (10th Cir. 1986), a United States district judge had issued an order indefinitely prohibiting any member of the media from contacting members of a jury after their verdict in a controversial civil rights case.  The Tenth Circuit held that the judge's order constituted an impermissible prior restraint on news gathering because the order was overbroad.  The court directed the judge to vacate the order but clarified that he was free to amend it. With appropriate limitations on time and scope, such an order would be permissible, the court held.

## Analysis

Here, I find that the allegations in the Complaint—even if true—fail to state a claim for any clearly established unconstitutional prior restraint.  First, the Complaint fails to state a claim for impermissible prior restraint on *speech*.  Indeed, Plaintiff concedes as much.  [Doc. 47] at 12 ("This is not an issue of 'abridging the freedom of speech,' but rather one of[] 'abridging the freedom []of the press.'") (internal elipses omitted).  Furthermore, the Complaint fails to state a claim for any other clearly established unconstitutional prior restraint on news gathering or assembly.  Even if every factual allegation in the Complaint were true, they do not amount to an

impermissible prior restraint of any kind.  The choice of venue—even if intentionally too small—does not amount to a clearly established prior restraint.

The denial of Plaintiff's press pass, as described in the Complaint, [Doc. 1] at 53, similarly fails to state a claim for a clearly established unconstitutional prior restraint.  Plaintiff alleges that on August 17, 2010, Defendant Miller denied a request to issue a press pass to Plaintiff, which had been submitted by a third-party, the editor of an online news source.  *Id.* at 53.  Plaintiff alleges that Defendant Miller's purported reason for the denial was lack of space at the venue.  *Id.*  However, Plaintiff believes that this reason was a pretext for Defendants Armenta and Miller's preference to grant credentials to "broadcast stations licensed by the federal communications commission and newspapers of general circulation," rather than "[w]eb-log, online publications."  *Id.* at 4.

These are the extent of the factual allegations related to the August 19, 2010 debate found in the Complaint.  Plaintiff conclusorily alleges that Defendants "barred" him from attending the debate in person.  However, the only supporting factual allegations are that Defendant Miller denied a request for a press pass submitted by an editor on Plaintiff's behalf.  Beyond the requests for a press pass, Plaintiff does not allege that Defendants thwarted any other attempt to attend the debate.  Nor does Plaintiff allege that he was prohibited from speaking or publishing about the debate.  He only alleges that Defendants' choice of a smaller venue and their denial of his press pass constituted a prior restraint on his First Amendment right to attend the debate in person in order to take photographs as a member of the press.  *See* [Doc. 1] at 53, 63.

Plaintiff cites no authority—much less Supreme Court or Tenth Circuit authority—showing that the facts alleged amount to an impermissible *prior restraint*, and I find none. Certainly, Plaintiff cites numerous authorities, but none goes as far as he suggests with respect to prior restraint jurisprudence.  Additionally, the Motion does not address every possible theory of recovery under the First Amendment, and neither do I.  This PF&RD is limited to Plaintiff's claim for impermissible *prior restraint*.  Even taking all of the factual allegations in the Complaint as true, I find that they fail to state a claim for any clearly established unconstitutional prior restraint.[3]  Therefore, Defendants are entitled to qualified immunity as to Count I.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' 12(b)(6) Motion to Dismiss No. I . . . [Doc. 32] be **GRANTED**, and that Plaintiff's Count I—for unlawful prior restraint arising from the events on August 19, 2010—be **DISMISSED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[3] Additionally, I find that the statute of limitations bars any prior restraint claim arising from Defendant Miller's denial of the press pass on August 17, 2010.  *See* [Doc. 1] at 53.  Plaintiff filed his Complaint on August 19, 2013. [Doc. 1].  Therefore, any alleged actions by Defendants more than three years prior to the filing on the Complaint, or prior to August 19, 2010, would be barred by the three-year statute of limitations.  *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (In § 1983 actions, "state law determines the appropriate statute of limitations and accompanying tolling provisions."); *Mondragon v. Thompson*, 519 F.3d 1078, 1081 (10th Cir. 2008) (A § 1983 claim arising in New Mexico is subject to the three-year personal injury statute of limitations set forth in NMSA 1978, § 37-1-8).  Because Plaintiff alleges that Defendant Miller denied the request on August 17, 2010, any prior restraint claim arising from the denial is barred by the statute of limitations.