IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK G. BRALLEY,[1]

    Plaintiff,

v.                                                               No. 13-cv-0768 JB/SMV

ALBUQUERQUE PUBLIC SCHOOLS BD. OF EDUC.,
ROBERT LUCERO, DAVID ROBBINS,
PAULA MAES, MARTIN ESQUIVEL,
KATHERINE KORTE, ALBUQUERQUE PUBLIC
SCHOOLS, WINSTON BROOKS, BRADLEY WINTER,
MONICA ARMENTA, RIGO CHAVEZ,
JOHN MILLER, STEVE TELLEZ, STEVE GALLEGOS,
and ALBUQUERQUE PUBLIC SCHOOLS POLICE DEP'T,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' 12(b)(6) Motion to Dismiss No. IV: Dismissal of Count Eight of Plaintiff's Complaint Alleging Violation of Plaintiff's Fifth Amendment Right to Due Process [Doc. 94], filed on May 11, 2015. On January 28, 2014, the Honorable James O. Browning, United States District Judge, referred this case to me for analysis and recommendation of ultimate disposition. [Doc. 74]. Having considered the motion,[2] the

---

[1] Plaintiff proceeds pro se. Following a telephonic status conference held on May 28, 2015, the Court referred this case to the pro bono panel with a request that one of the attorneys consider offering to represent Plaintiff. However, due to a back log of referrals, it appears that no progress has been made in the panel's consideration of this case, and the Court does not anticipate any progress in the near future. Accordingly, the Court encourages Plaintiff to attempt to secure representation by a licensed attorney.

[2] I find that Plaintiff's response [Doc. 102] should be disregarded as untimely. Plaintiff's response was due no later than May 28, 2015. By that date, however, Plaintiff had filed no response, no notice of any agreed-upon extension of time under D.N.M.LR-Civ. 7.4(a), and no motion for any extension of time. Instead, Plaintiff waited to respond until June 17, 2015, seven days after Defendants filed their Notice of Completion of Briefing [Doc. 99] on June 10, 2015, and twenty days late. **Plaintiff is admonished that he is required to comply with the rules of procedure, including but not limited to briefing deadlines and page limits.** *See e..g.*, D.N.M.LR-Civ. 7.4(a), 7.5. **Failure to**

record, and the relevant law, and being fully advised in the premises, I find that Plaintiff fails to state a claim for violation of the Fifth Amendment's due process clause because none of the Defendants is a federal government actor.  Thus, Defendants' Motion to Dismiss No. IV [Doc. 94] is well-taken, and I recommend that it be **GRANTED**.  Accordingly, I recommend that Plaintiff's Count VIII—for violation of Plaintiff's Fifth Amendment Right to Due Process—be **DISMISSED with prejudice**.

## Background

In the Complaint, Plaintiff alleges that he was barred or ejected from certain public meetings by various Defendants, and he alleges that by a letter dated October 10, 2012, certain Defendants barred him indefinitely from attending any meeting on the property of Albuquerque Public Schools ("APS").  *See* [Doc. 1].  Based on these allegations, Plaintiff asserts that Defendants violated his constitutional rights.

## Standard for Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a

---

**comply with the rules may result in the rejection of any further non-complaint filings.**  Additionally, because the Court will not consider Plaintiff's untimely response, it will similarly not consider Defendants' reply [Doc. 105] or Plaintiff's surreply [Doc. 110].  Accordingly, the Court denies as moot Defendants' Motion to Strike Plaintiff's surreply [Doc. 112] in an order filed concurrently herewith.

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663. The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678.

3

## Analysis

As is relevant the instant Motion to Dismiss and to this PF&RD, Plaintiff alleges that the Fifth Amendment "protects [his] right to engage in commerce through his press activities and to participate in public meetings of the APS Board, without Defendants['] abridging his freedom of the press, or his right to peaceably assemble and to prohibit him from practicing his craft as a freelance photojournalist." [Doc. 1] at 70; *see id.* at 26–30, 55–57. Defendants move to dismiss Plaintiff's claim for violation of the Fifth Amendment because Plaintiff does not allege that any Defendant is a federal government actor. Instead, Plaintiff alleges that Defendants are state government actors. [Doc. 94] at 3. Defendants are correct.

"The Fifth Amendment due process clause only protects against due process violations caused by the federal government." *Parnisi v. Colo. State Hosp.*, 992 F.2d 1223, 1993 U.S. App. LEXIS 9128, *4 (10th Cir. 1993) (unpublished table decision) (citing *Pub. Utils. Comm'n v. Polak,* 343 U.S. 451, 461 (1952)). "State actors are subject to the due process clause of the Fourteenth Amendment, not the Fifth Amendment." *Id.*

Here, all of Plaintiff's allegations against Defendants arise from their employment or other connection to APS. [Doc. 1] at 44–46. There is no allegation that any Defendant has any connection to or liability arising from any relationship with the federal government. *See* [Doc. 1]. Accordingly, Plaintiff fails to state any claim for violation of the Fifth Amendment.[3]

---

[3] Of course, to the extent that the factual allegations underpinning Plaintiff's Fifth Amendment claim may support a different, viable cause of action—such as a claim for violation of the Fourteenth Amendment or some other constitutional provision—the Court will so construe them.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' 12(b)(6) Motion to Dismiss No. IV: Dismissal of Count Eight of Plaintiff's Complaint Alleging Violation of Plaintiff's Fifth Amendment Right to Due Process [Doc. 94] be **GRANTED**, and that Plaintiff's Count VIII—for violation of Plaintiff's Fifth Amendment Right to Due Process—be **DISMISSED with prejudice**.[4]

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **Objections are limited to 20 pages. A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[4] I find that granting Plaintiff leave to amend his Complaint would be futile because there has been no indication whatsoever that any Defendant is a federal government actor. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.").