# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARK G. BRALLEY,**[1]

     **Plaintiff,**

v.                                           **No. 13-cv-0768 JB/SMV**

**ALBUQUERQUE PUBLIC SCHOOLS BD. OF EDUC.,
ROBERT LUCERO, DAVID ROBBINS,
PAULA MAES, MARTIN ESQUIVEL,
KATHERINE KORTE, ALBUQUERQUE PUBLIC
SCHOOLS, WINSTON BROOKS, BRADLEY WINTER,
MONICA ARMENTA, RIGO CHAVEZ,
JOHN MILLER, STEVE TELLEZ, STEVE GALLEGOS,
and ALBUQUERQUE PUBLIC SCHOOLS POLICE DEP'T,**

     **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' 12(b)(6) Motion to Dismiss No. V: Dismissal of Count Ten of Plaintiff's Complaint Alleging Violation of Plaintiff's Fourteenth Amendment Right to Due Process [Doc. 95], filed on May 11, 2015. On January 28, 2014, the Honorable James O. Browning, United States District Judge, referred this case to me for analysis and recommendation of ultimate disposition. [Doc. 74]. Having considered the motion,[2] the

---

[1] Plaintiff proceeds pro se. Following a telephonic status conference held on May 28, 2015, the Court referred this case to the pro bono panel with a request that one of the attorneys consider offering to represent Plaintiff. However, due to a back log of referrals, it appears that no progress has been made in the panel's consideration of this case. Furthermore, the Court does not anticipate any progress in the near future. Accordingly, the Court encourages Plaintiff to attempt to secure representation by a licensed attorney.

[2] I find that Plaintiff's response [Doc. 103] should be disregarded as untimely. Plaintiff's response was due no later than May 28, 2015. By that date, however, Plaintiff had filed no response, no notice of any agreed-upon extension of time under D.N.M.LR-Civ. 7.4(a), and no motion for any extension of time. Instead, Plaintiff waited to respond until June 17, 2015, seven days after Defendants filed their Notice of Completion of Briefing [Doc. 100] on June 10, 2015, and twenty days late. **Plaintiff is admonished that he is required to comply with the rules of procedure, including but not limited to briefing deadlines and page limits.** *See e.g.*, D.N.M.LR-Civ. 7.4(a), 7.5. **Failure to**

record, and the relevant law, and being fully advised in the premises, I find that the claims for alleged violation of Plaintiff's *substantive* due process right under the Fourteenth Amendment should be dismissed because they already have been or should be analyzed under the applicable, specific constitutional amendments and not under the Fourteenth Amendment.  Further, I find that Plaintiff fails to state a claim for violation of his *procedural* due process right under the Fourteenth Amendment because he does not allege that he has actually been denied admittance to any public meeting since receiving the "banning letter" dated October 10, 2012, and because he is not entitled to any official rescission of the letter.  Therefore, Defendants' Motion to Dismiss No. V [Doc. 95] is well-taken and should be **GRANTED**.  Accordingly, I recommend that Plaintiff's Count X—for violation of Plaintiff's Fourteenth Amendment Right to Due Process—be **DISMISSED**.[3]

### Background

In the Complaint, Plaintiff alleges that he was barred or ejected from certain public meetings by various Defendants, and that by a letter dated October 10, 2012, certain Defendants barred him indefinitely from attending any meeting on the property of Albuquerque Public Schools ("APS").  *See* [Doc. 1].  Based on these allegations, Plaintiff asserts that Defendants violated his constitutional rights.

---

comply with the rules may result in the rejection of any further non-complaint filings.**  Additionally, because the Court will not consider Plaintiff's untimely response, it will similarly not consider Defendants' reply [Doc. 106] or Plaintiff's surreply [Doc. 110].  Accordingly, the Court denies as moot Defendants' Motion to Strike Plaintiff's surreply [Doc. 112] in an order filed concurrently herewith.

[3] Although Defendants have raised qualified immunity, *see* [Doc. 95], it need not be addressed herein because Defendants are entitled to dismissal of Count X irrespective of the defense.

**Standard for Motions to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663. The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries.  First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory.  *Iqbal*, 556 U.S. at 678.  Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 680–81.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *See id.* at 682–83.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient.  *Id.* at 678.

## Analysis

Plaintiff's claims for alleged violation of his *substantive* due process right under the Fourteenth Amendment should be dismissed because those claims have already been or should be analyzed under the applicable specific constitutional amendments and not under the Fourteenth Amendment.  Further, Plaintiff fails to state a claim for violation of his *procedural* due process right under the Fourteenth Amendment because he does not allege that he has actually been denied admittance to any public meeting since receiving the "banning letter" dated October 10, 2012, and because he is not entitled to any official rescission of the letter.

### Substantive Due Process

As is relevant to the instant Motion to Dismiss and to this PF&RD, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to due process.  [Doc. 1] at 71–73. Specifically, Plaintiff repeats the same alleged violations of his First, Fourth, Fifth, and Sixth Amendment rights that are found elsewhere in his Complaint.  *Id.*  These are, of course, claims

4

for violation of his right to substantive due process.  *See Browder v. City of Albuquerque*, 787 F.3d 1076, 1078 (10th Cir. 2015) (distinguishing substantive due-process claims from procedural due-process claims).

Substantive due process claims brought under the Fourteenth Amendment, however, survive only where no other specific constitutional amendment explicitly protects against the conduct alleged.  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  In other words, when a specific constitutional amendment provides "an explicit textual source of constitutional protection," courts should analyze the constitutional claims under that amendment's standards rather than under "the more generalized notion of 'substantive due process[.]'"  *Id.*

Here, I find that Plaintiff's claims for violation of his substantive due process rights—as listed in Count VIII (for alleged violation of due process rights under the Fifth Amendment)[4] and in Count X (for alleged violation of due process rights under the Fourteenth Amendment)[5]— have already been or should be analyzed under the applicable, specific constitutional

---

[4] Plaintiff alleges that his Fifth Amendment right to due process was violated when (1) Defendants intentionally selected a venue that was too small to accommodate everyone desiring to attend the August 19, 2010 gubernatorial debate; (2) Defendants denied Plaintiff a press pass to the August 19, 2010 gubernatorial debate; (3) Defendants Robbins, Esquivel, and Winter removed Plaintiff from the August 25, 2010 audit committee meeting; (4) Defendant Gallegos refused to allow Plaintiff to enter the September 1, 2010 school board meeting; and (5) When Defendant Korte had Plaintiff removed from the October 8, 2012 APS board meeting.  [Doc. 1] at 56–57; *see also id.* at 17–19, 26–30, 70 (general descriptions of Plaintiff's Fifth Amendment due process claim).

[5] Plaintiff alleges that his Fourteenth Amendment right to due process was violated when Defendants allegedly violated other rights of his under the Constitution, namely his:  (1) First Amendment right to attend, photograph, and publish/report on the public meetings of the APS board by Defendants' unlawfully refusing to provide a large enough venue and not permitting Plaintiff his "free exercise as a member of the public and/or press;" (2) First Amendment right to attend public meetings without being arrested, barred, ejected, banned for "asserting [his] right[] and questioning the legality of [Defendants' actions];" (3) Fourth Amendment to attend public meetings without being seized, arrested, or ejected without criminal charges being filed; (4) Fifth Amendment right to engage in commerce through his press activities, to peaceably assemble, and to photograph public meetings of the APS board; and (5) Sixth Amendment right to have a district attorney review Defendants' reasons for barring or ejecting him from public meetings and, if valid, to have a jury trial on those allegations.  [Doc. 1] at 72–73; *see generally, id.* at 32–33; 58 (general descriptions of Plaintiff's Fourteenth Amendment due process claim).

amendments rather than under the Fourteenth Amendment.  Accordingly, I recommend granting Defendants' Motion to Dismiss and dismissing with prejudice Plaintiff's claims for violation of substantive due process right under the Fourteenth Amendment.  The factual allegations that support such claims should, instead, be analyzed under their respective specific constitutional amendments.

<u>Procedural Due Process</u>

Plaintiff alleges that Defendants "failed to provide [him] with an opportunity to be heard at a meaningful time and in a meaningful manner, or to provide any other method to appeal the . . . actions of the [D]efendants in disrupting [his] business."  [Doc. 1] at 70; *see id.* at 73 (same).  Defendants argue that, to the extent these allegations may be construed as asserting a procedural due process claim, such claim should be dismissed.  [Doc. 95] at 17–19.

The Due Process Clause states, "No State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  An alleged violation of the procedural due process required by this clause prompts a two-step inquiry: (1) whether the plaintiff has shown the deprivation of an interest in "life, liberty, or property" and (2) whether the procedures followed by the government in depriving the plaintiff of that interest comported with "due process of law."  *Ingraham v. Wright*, 430 U.S. 651, 673 (1977).

Here, Defendants argue, *inter alia*, that even if Plaintiff had a liberty interest in attending and recording or taking photographs at public meetings on APS property—which they dispute— the October 10, 2012 "banning letter" did not *deprive* him of such liberty.  *See* [Doc. 95] at 19. I agree.

6

Plaintiff alleges in his complaint that that the October 10, 2012 "banning letter" required him to meet with Defendant Tellez before attending any future meeting on APS property. [Doc. 1] at 19.  Nevertheless, he also alleges that he did, in fact, attend an APS press conference on APS property on January 28, 2013.  *Id.* at 17–19.  He further alleges that "at the end of the press conference," he met with Defendant Tellez.  *Id.* at 17.  Plaintiff explains that their discussion "fulfilled the requirement of the October 10, 2012[] banning letter[.]"  *Id.* at 19.  Although Plaintiff alleges that Defendants continue to violate his rights "by not rescinding their banning letter," he does not allege that he has actually been banned.  In other words, he does not allege that he has been denied entry to any public meeting since the "banning letter" was issued. Plaintiff has no constitutional right, nor any liberty interest in receiving some type of official rescission of the letter.  He *may* have a liberty interest in attending public meetings on APS property, but he does not allege that he has been denied entry to any such meeting since he received the letter.  In fact, he affirmatively alleges that he did attend the APS press conference on APS property on January 28, 2013, without incident.  *Id.* at 17–19.

Assuming *arguendo* that Plaintiff had a liberty interest in attending and recording or taking photographs at public meetings on APS property, the facts alleged in the Complaint fail to show that the October 10, 2012 "banning letter" *deprived* him of such liberty.  Therefore, Plaintiff fails to state a claim for any violation of his procedural due process right under the Fourteenth Amendment arising from the October 10, 2012 letter, and that claim should be dismissed.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' 12(b)(6) Motion to Dismiss No. V: Dismissal of Count Ten of Plaintiff's Complaint Alleging Violation of Plaintiff's Fourteenth Amendment Right to Due Process [Doc. 95] be **GRANTED**, and that Plaintiff's Count X—for violation of Plaintiff's Fourteenth Amendment Right to Due Process[6]—be **DISMISSED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **Objections are limited to 20 pages. A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[6] Of course, to the extent that the factual allegations underpinning Plaintiff's Fourteenth Amendment claim may support a different, viable cause of action—such as a claim for violation of the First Amendment or some other constitutional provision—the Court will so construe them.

8