IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARK G. BRALLEY,**[1]

    Plaintiff,

v.                                                                                                         No. 13-cv-0768 JB/SMV

**ALBUQUERQUE PUBLIC SCHOOLS BD. OF EDUC.,
ROBERT LUCERO, DAVID ROBBINS,
PAULA MAES, MARTIN ESQUIVEL,
KATHERINE KORTE, ALBUQUERQUE PUBLIC
SCHOOLS, WINSTON BROOKS, BRADLEY WINTER,
MONICA ARMENTA, RIGO CHAVEZ,
JOHN MILLER, STEVE TELLEZ, STEVE GALLEGOS,
and ALBUQUERQUE PUBLIC SCHOOLS POLICE DEP'T,**

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' 12(b)(6) Motion to Dismiss No. VI: Dismissal of Count Eleven of Plaintiff's Complaint Demanding Declaratory and Injunctive Relief for Violation of Plaintiff's First and Fourteenth Amendment Rights,[2] [Doc. 129], filed on October 29, 2015. Plaintiff has not filed a response, and the time for doing so has passed. On January 28, 2014, the Honorable James O. Browning, United States District Judge, referred this case to me for analysis and recommendation of ultimate disposition. [Doc. 74]. Having considered the motion, the record, and the relevant law and being fully advised in the premises, I

---

[1] Plaintiff proceeds pro se. Following a telephonic status conference held on May 28, 2015, the Court referred this case to the pro bono panel with a request that one of the attorneys consider offering to represent Plaintiff. However, the panel has declined the request. Accordingly, the Court encourages Plaintiff to secure representation by a licensed attorney.

[2] Defendants have labeled [Doc. 129] as their fifth motion to dismiss for failure to state a claim. However, it is actually their sixth motion of this sort, *see* [Docs. 32, 33, 34, 94, 95], and the Court will refer to it as such.

find that (1) Plaintiff has consented to the motion to dismiss by his failure to respond to it, and (2) Plaintiff fails to state a claim on which declaratory or injunctive relief can be granted.  Thus, Defendants' Motion to Dismiss No. VI [Doc. 129] is well-taken, and I recommend that it be **GRANTED**.  Accordingly, I recommend that Plaintiff's Count XI—seeking (1) an injunction ordering Defendants to rescind a letter banning Plaintiff from events on Albuquerque Public Schools property and (2) a declaration that Defendants have violated Plaintiff's constitutional rights—be **DISMISSED with prejudice**.

## Background

In Count XI of his Complaint, Plaintiff alleges that Defendants kept him from attending and participating in public meetings and other gatherings of the Albuquerque Public Schools ("APS") Board of Education. [Doc. 1] at 73–74.  Based on these allegations, Plaintiff requests two forms of equitable relief: (1) an injunction ordering Defendants to rescind a letter that banned him from events on APS property, and (2) a declaration that Defendants violated his constitutional rights in the past. *Id*. at 74.  Defendants move to dismiss Count XI. [Doc. 129].

## Failure to Respond

"Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ 7.1(b).  The Court cannot, however, grant a motion to dismiss based solely on plaintiff's failure to respond, and must consider the merits of the motion.  *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) (holding that a court must address the merits of a motion to dismiss notwithstanding the plaintiff's failure to respond).  Accordingly, "[p]ursuant to D.N.M.LR-Civ. 7.1(b), the Court treats an issue to which no timely response is made as

unopposed and resolves the issue in favor of the moving party *unless it would be incorrect or improper to do so.*" *Baumeister v. New Mexico Comm'n for the Blind Adult Orientation Ctr.*, 425 F. Supp. 2d. 1250, 1268 (D.N.M. 2006) (emphasis added).

## Standard for Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663. The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, L.L.C. v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of

mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678.

Pro se pleadings are interpreted liberally, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993), but must comply with the basic requirements of the Federal Rules of Civil Procedure, *see Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) (quoting *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)). Accordingly, notwithstanding the liberal construction provided to pro se filings, a pro se plaintiff is not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim. *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## Analysis

### I. **Plaintiff has consented to Defendants' Motion to Dismiss No. VI by his failure to respond to it.**

Local Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Local Rule 7.6(a) states that "[a] response must be served

within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.6(a). Defendants filed the instant motion on October 29, 2015. [Doc. 129]. Plaintiff did not file a response and did not request an extension of time to do so. By not filing a response—much less a timely one—Plaintiff has consented to the Court's granting of Defendants' Motion to Dismiss No. VI. Nevertheless, the Court will review the merits of the motion.

## II. **Plaintiff has failed to show that he is entitled to the injunctive or declaratory relief he seeks.**

In order to obtain injunctive relief, a plaintiff must demonstrate "[a] likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." *O'Shea v. Littleton,* 414 U.S. 488, 502 (1974). That is, he must demonstrate "a real or immediate threat that [he] will be wronged again." *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). "Past exposure to illegal conduct does not in itself show" that a plaintiff is entitled to injunctive relief "if unaccompanied by any continuing, present adverse effects." *O'Shea*, 414 U.S. at 495–96.

In Count XI of his Complaint, Plaintiff requests injunctive relief in the form of rescission of a letter purporting to temporarily ban him from attending events on APS property. [Doc. 1] at 74. In October 2012, Plaintiff received a letter notifying him that he would not be permitted to attend such events until he met with the APS Police Chief, Defendant Steve Tellez. *Id*. at 19. On January 28, 2013, Plaintiff met with Defendant Tellez, which Plaintiff believed fulfilled the letter's requirement. *Id*. at 17. Plaintiff notes that Defendant Tellez did not dispute Plaintiff's contention that their meeting satisfied the requirement. *Id*. at 18. Plaintiff attended an APS press conference at an Albuquerque high school without incident on the same day that he spoke with Defendant Tellez. *Id*. at 17. Plaintiff does not allege that he has been prevented from attending any event on APS property since his January 2013 meeting with Defendant Tellez. *See*

[Doc. 127] at 7.  The facts he alleges, even if true, do not show "a real or immediate threat" that he will be kept out of an event on APS property again.  *Lyons,* 461 U.S. at 111.  In fact, by Plaintiff's own account, he has not actually been prevented from attending any event on APS property since receiving the banning letter dated October 10, 2012.  Accordingly, he is not entitled to the injunction ordering Defendants to rescind the banning letter that he seeks in Count XI.

Plaintiff also requests a declaration that Defendants have previously violated his constitutional rights.  [Doc. 1] at 74.  Declaratory relief is only available in limited circumstances, none of which are present here.  It is only appropriate when the requested relief would change the behavior of the parties in the future.  *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011).  "In the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant."  *Id*.  That is precisely what Plaintiff asks for in Count XI—a proclamation by the Court that his rights were violated in the past.  [Doc. 1] at 74.  Should the Court grant the requested declaratory relief, Plaintiff would receive no more than "simply the satisfaction of a declaration that [he] was wronged."  *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (superseded by statute on other grounds).  Plaintiff is not entitled to the declaratory relief he seeks in Count XI.

It is worth nothing that this PF&RD does not pass on the validity or propriety of the October 10, 2012 "banning letter."  This recommendation narrowly addresses the specific equitable relief requested in Count XI (i.e., an injunction ordering Defendants to rescind the banning letter and a declaration that Defendants violated Plaintiff's rights in the past).  This recommendation does not attempt to address every conceivable interpretation of Count XI, nor

does it recommend that all equitable relief be precluded entirely. Rather, the undersigned recommends that Count XI be dismissed because even if everything in the Complaint were true, Plaintiff would still not be entitled to an injunction ordering rescission of the banning letter or a declaration that his rights were violated in the past.

## Conclusion

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' 12(b)(6) Motion to Dismiss No. VI: Dismissal of Count Eleven of Plaintiff's Complaint Demanding Declaratory and Injunctive Relief for Violation of Plaintiff's First and Fourteenth Amendment Rights [Doc. 129] be **GRANTED**, and that Plaintiff's Count XI—seeking (1) an injunction ordering Defendants to rescind a letter that banned him from events on APS property, and (2) a declaration that Defendants violated his constitutional rights in the past—be **DISMISSED with prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **Objections are limited to 20 pages. A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**