IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK G. BRALLEY,

    Plaintiff,

vs.                                                                    No. CIV 13-0768 JB/SMV

ALBUQUERQUE PUBLIC SCHOOLS BD. OF EDUC.,
ROBERT LUCERO, DAVID ROBBINS,
PAULA MAES, MARTIN ESQUIVEL,
KATHERINE KORTE, ALBUQUERQUE PUBLIC
SCHOOLS, WINSTON BROOKS, BRADLEY WINTER,
MONICA ARMENTA, RIGO CHAVEZ,
JOHN MILLER, STEVE TELLEZ, STEVE GALLEGOS,
and ALBUQUERQUE PUBLIC SCHOOLS POLICE DEP'T,

    Defendants.

## MEMORANDUM OPINION[1]

**THIS MATTER** comes before the Court on the Plaintiff Requests Court's Leave to File Objections to Magistrate's Proposed Findings and Recommended Disposition Found in Doc Nos. 77, 78, and 79, filed April 6, 2015 (Doc. 88)("Motion"). The Court will deny the Motion. On February 19, 2015 and February 25, 2015, the Honorable Stephen M. Vidmar, United States District Judge for the District of New Mexico, issued three Proposed Findings and Recommended Dispositions: (i) Proposed Findings and Recommended Disposition, filed February 19, 2015 (Doc. 77)("PFRD 1"); (ii) Proposed Findings and Recommended Disposition, filed February 19, 2015 (Doc. 78)("PFRD 2"); and (iii) Proposed Findings and Recommended

---

[1]On March 15, 2016, the Court entered an order denying the Plaintiff Requests Court's Leave to File Objections to Magistrate's Proposed Findings and Recommended Disposition Found in Doc Nos. 77, 78, and 79, filed April 6, 2015 (Doc. 88). See Order, filed March 15, 2016 (Doc. 162)("Order"). In the Order, the Court stated that it would "at a later date issue a Memorandum Opinion more fully detailing its rationale for this decision." Order at 1 n.1. This Memorandum Opinion is the promised opinion.

Disposition, filed February 25, 2015 (Doc. 79)("PFRD 3")(collectively, "the PFRDs"). The PFRDs stated that Plaintiff Mark G. Bralley would need to submit any objections to them within fourteen days, meaning that his objections to PFRD 1 and PFRD 2 were due on approximately March 5, 2015, see PFRD 1 at 3; PFRD 2 at 8, and his objections to PFRD 3 were due on approximately March 11, 2015, see PFRD 3 at 9.

On March 13, 2015, after the fourteen-day time limit had expired, Bralley filed a motion requesting additional time to file objections to the three PFRDs. See Plaintiff's Request for Additional Time to Respond to Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 13, 2015 (Doc. 80)("First Request for Additional Time"). On March 17, 2015, Judge Vidmar granted Bralley's First Request for Additional Time, extending the deadline for Bralley to object to the PFRDs to April 7, 2015. See Order, filed March 17, 2015 (Doc. 81). The next day, March 18, 2015, however, Judge Vidmar issued an amended order, granting Bralley's First Request for Additional Time, but providing a deadline of March 25, 2015, rather than April 7, 2015. See Order Amending Order Granting Plaintiff's Motion for Extension of Time to File [Objections] to Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 18, 2015 (Doc. 82)("Order Extending Time").

Despite that Judge Vidmar had provided Bralley with an extension of 20 days for objecting to PFRD 1 and to PFRD 2, and of 14 days to PFRD 3, and given a total of 34 days to file objections to PFRD 1 and to PFRD 2, and 28 total days to file objections to PFRD 3, Bralley did not file any objections to the PFRDs by the March 25, 2015 deadline. On March 30, 2015, the Court adopted the three PFRDs. See Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 30, 2015 (Doc. 83); Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings

and Recommended Disposition, filed March 30, 2015 (Doc. 84); Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 30, 2015 (Doc. 85).

Bralley then filed objections to the PFRDs on April 6, 2015.  See Objection to Magistrate Judge's Proposed Findings and Recommended Disposition Count IX -- Violation of the Sixth Amendment Right to a Fair Trial, filed April 6, 2015 (Doc. 89); Objection to Magistrate Judge's Proposed Findings and Recommended Disposition Count 7 -- Claim Under 42 U.S.C. § 1983 for Violation of Plaintiff's Fourth Amendment Right Against Unreasonable Seizure Document: 78 Filed: 02/19/2015, filed April 6, 2015 (Doc. 90); Objection to Magistrate Judge's Proposed Findings and Recommended Disposition Defendants' 12(B)(6) Motion to Dismiss No. I: Dismissal of Count One of Plaintiff's Complaint Alleging Violation of First Amendment Rights and Imposition of Prior Restraint Document: 79 Filed: 02/19/2015, filed April 6, 2015 (Doc. 91).  Bralley, however, waived his right to object to the PFRDs by not submitting his objections by March 25, 2015 -- the deadline that Judge Vidmar set in the Order Extending Time.  Bralley's objections are therefore untimely.

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1060 (10th Cir. 1996)("One Parcel").  "To further advance the policies behind the Magistrate's Act,[2 the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

The Court dealt with Judge Vidmar's three PFRDs before Bralley filed his objections.  There is no sound reason, under good, efficient, orderly, judicial practice, for the Court to now go back and reconsider its work.  Accordingly, the Court denies the Motion.

**IT IS ORDERED** that the Plaintiff Requests Court's Leave to File Objections to Magistrate's Proposed Findings and Recommended Disposition Found in Doc Nos. 77, 78, and 79, filed April 6, 2015 (Doc. 88), is denied.

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion.

- 5 -

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Mark G. Bralley
Albuquerque, New Mexico

    *Plaintiff pro se*

Luis E. Robles
David Anthony Roman
Lindsay Drennan
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*